Per Cur.

Although, according to the act of assembly and the decision in the former case between these parties, the authority of a guardian appointed by the court continues, if not revoked, until the infant attains to the age of twenty-one years, yet the lease, in the present case, was void; because it provided that the term should continue, “ till the ensuing year,” after the infant came of age, unless she thought proper, in pursuance of the power reserved to her, to put an end to it; for the power did not affect the main stipulation, as it was collateral, and might never be exercised. The case, therefore, falls within the influence of that of Roe v. Hodgson, 2 Wils, 135, according to the explanation given of it by the appellant’s counsel, which is probably the true one. The judgment in the present case is consequently to be reversed. Nor is there any thing, in this opinion,-inconsistent with that in the former case, between these parties : which the court has reviewed, and approves of throughout. But the question relative to the validity of the lease, upon the ground of its being for a longer term than the infancy of the ward, was, purposely, left undetermined, in that case : which was an action of debt to recover the rents accrued during the defendant’s occupation of the premises; and the court thought he could not resist the payment by objecting to a title under which he had enjoyed the property without eviction. But this is an action of tort; and'.to maintain it, the plaintiffs must establish the validity of the lease; for to be liable under the statute of waste, the appellant must be shewn to be lessee : and that can only be made to appear by a valid demise.
Judgment of the district court reversed.